## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jesse Hovanesian, and The Holy See of Christ and the Trinity, Inc., | |
| Plaintiffs, | Civil No. 3:22-cv-01098-KAD |
| v. | |
| The United States of America, Drug Enforcement Administration, Food and Drug Administration, U.S. Department of Health and Human Services, the State of Connecticut, and the Connecticut Department of Consumer Protection, | September 26, 2022 |
| Defendants. | |

## ORDER RE: MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff Jesse Hovanesian has moved for leave to proceed *in forma pauperis* – in other words, he has asked the Court for permission to start a civil case without paying the customary filing fee. A federal law permits him to do so if, among other things, he submits an affidavit listing his assets and showing that he is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1).

When a plaintiff requests leave to proceed IFP, a statute directs the Court to conduct two inquiries. First, the Court examines the plaintiff's financial affidavit and determines whether he is truly unable to pay the fee. 28 U.S.C. § 1915(a). Second, to ensure that plaintiff is not abusing the privilege of filing without prepaying the fee, the Court reviews his complaint and dismisses the case if it determines that "the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

To qualify for *in forma pauperis* status, plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but he

does need to show that "paying such fees would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007).  Put differently, a "sufficient" *in forma pauperis* application is one that demonstrates that plaintiff "cannot because of [his] poverty pay or give security for the costs and still be able to provide [him] and [his] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

In determining whether a plaintiff's financial circumstances meet these standards, courts consider not only his or her personal resources, but also the resources of persons who support him. *See, e.g., Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citations omitted); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (table decision).  In other words, "[w]here a litigant is supported or assisted by another person, the Court may consider that person's ability to pay the filing fee." *Pierre v. City of Rochester*, No. 16-CV-6428 CJS, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018).

### Claims on Behalf of Jesse Hovanesian

Plaintiff Jesse Hovanesian's motion for leave to proceed *in forma pauperis* was accompanied by a financial affidavit from Mr. Hovanesian stating that he receives no income of any kind including government benefits.  (Doc. #2 at 3.) He lists $815 in monthly obligations, consisting of rent, telephone and food.  (*Id.* at 4.)  The affidavit fails to indicate  whether he owns

any assets or has any bank accounts.  (*Id.* at 3-4.)  As a result, the Court lacks any information on how he supports himself.

Other courts have held that these sorts of affidavits must be incomplete and, by extension, do not support *in forma pauperis* status.  In *Pierre*, for example, the court denied a motion for leave to proceed *in forma pauperis* when plaintiff "claim[ed] that he ha[d] no assets and receive[d] no support from a spouse or from any other source," because he "offer[ed] no explanation for how he survives day-to-day or how his monthly expenses are paid."  2018 WL 10072449, at *1.  The court added that if plaintiff indeed had no income of his own, but was relying on another person for support, he was obliged to provide a statement of that person's resources because "a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or next friend." *Id.* (quoting *Fridman*, 195 F. Supp. 2d at 537).

The Court therefore orders that, by **October 20, 2022**, Plaintiff Jesse Hovanesian must either (a) pay the filing fee or (b) submit a revised financial affidavit that fully and candidly explains how he supports himself – and, if he receives support from another person, provide a statement of that person's resources and ability to pay the filing fee.  Plaintiff is respectfully advised that, if he neither pays the filing fee nor obtains leave to proceed *in forma pauperis*, his case may be dismissed.

Because Mr. Hovanesian is ordered to revise his financial affidavit or pay the filing fee, the Court does not reach at this point the second inquiry, a determination whether this action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, under 28 U.S.C. § 1915(e)(2)(B).

**Claims on Behalf of The Holy See of Christ and the Trinity, Inc.**

Plaintiff The Holy See of Christ and the Trinity, Inc. appears to bring this action *pro se* as there is no appearance of counsel on its behalf. [1]  On September 20, 2022, Judge Dooley entered an order stating,

> Plaintiff Jesse Hovanesian, who is not an attorney admitted to the bar of this Court, is not permitted to pursue claims on behalf of Holy See of Christ and the Trinity INC.  Under 28 U.S.C. § 1654, "parties may plead and conduct their own cases personally or by counsel."  And it is well established that an artificial entity, such as the Holy See of Christ and the Trinity, Inc. cannot proceed pro se and any person who represents such an entity must "be an attorney licensed to practice law before our courts."  *Jones v. Niagara Frontier Transp. Auth*., 722 F.2d 20, 22 (2d Cir. 1983).  If counsel does not appear for Holy See of Christ and the Trinity, Inc. on or before October 20, 2022, the entity shall be removed as a Plaintiff.

(Doc. #7.)

Here, only Mr. Hovanesian filed an application to proceed *in forma pauperis*.  His submission does not indicate his role with The Holy See of Christ and the Trinity, Inc. nor does it include any information concerning the company's financial position.   However, even assuming that The Holy See of Christ and the Trinity, Inc.'s financial status would warrant a waiver of the filing fee, it is well established that corporations may not petition the court to proceed *in forma pauperis* because section 1915 applies only to "natural persons" and does not extend to artificial entities such as corporations.  *See Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201–11, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993) (holding "[o]nly a natural person may qualify for treatment *in forma pauperis* status under § 1915.").  If The Holy See of Christ and the Trinity, Inc. elects to

---

[1]      "The Holy See of Christ and the Trinity" was formed on April 11, 2018, as a religious organization and lists a business and mailing address at 101 Oakland Street, Bristol, CT.  *https://service.ct.gov/business/s/onlinebusinesssearch?businessNameEn=rXqpD1eOdsiFN2izdIdZyqrR1UifTYUDUUSo2xcidV7USKwZs7XzdahGDcsNkK24ilxLIQCedqXzRS2KSuzc9g%3D%3D* (last visited Sept. 21the, 2022).  Jesse Martin Hovanesian is listed as "Pontiff/President" in a filing dated April 18, 2020, with the Secretary of the State of Connecticut.  *Id.*  In this action, Mr. Hovanesian lists the same address as The Holy See of Christ and the Trinity, LLC.

proceed in this matter, it must pay the court's filing fee by **October 20, 2022**. If The Holy See of Christ and the Trinity, Inc. fails to pay the court's filing fee by **October 20, 2022**, the Court will recommend that it be dismissed from this action.

## CONCLUSION AND ORDER

For the foregoing reasons, the Court orders Mr. Hovanesian to file an Amended Motion for Leave to Proceed IFP and Financial Affidavit, curing the inconsistencies and omissions identified above by **October 20, 2022**. The undersigned will review his amended motion and, if it supports granting him IFP status, the Court will then proceed to the second step of the 28 U.S.C. § 1915 analysis – that is, an analysis of whether "the action . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted."

As an alternative to complying with this order, Mr. Hovanesian may of course pay the filing fee in this case and in his other case. He is respectfully advised, however, that **if he neither complies with this order nor pays the filing fee by October 20, 2022, the undersigned will recommend to Judge Dooley that the case be dismissed**. *See, e.g., Richardson v. Napoli*, No. 9:09-CV-1440 (TJM) (DEP), 2010 WL 1235383 (N.D.N.Y. Mar. 30, 2010) (dismissing case because plaintiff had neither demonstrated an entitlement to IFP status nor paid the filing fee). The Clerk of the Court is respectfully directed to mail a copy of this Order to Mr. Hovanesian and The Holy See of Christ and the Trinity Inc.'s address of record, and to note on the docket that he or she has done so.

*/s/ Maria E. Garcia, USMJ*
Hon. Maria E. Garcia
United States Magistrate Judge